HENRY G. ERICKSON, PLAINTIFF-RESPONDENT, v. MAN-
UEL McCASKILL, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 24, 1970—Decided May 14, 1970.

Before Judges KILKENNY and LEONARD. (At oral argument Judge LABRECQUE disqualified himself in this matter and counsel stipulated that it could be heard and determined by the remaining two judges.)

Mr. *Marshall Selikoff* argued the cause for appellant (*Messrs. Jung, Selikoff, Rathman & Dwyer,* attorneys).

Mr. *Philip Newman* argued the cause for respondent.

The opinion of the court was delivered by

LEONARD, J. A. D. The Unsatisfied Claim and Judgment Fund (Fund) appeals from the trial court's order directing it to pay a $7500 judgment recovered by plaintiff against defendant McCaskill, an uninsured motorist.

On January 22, 1965 McCaskill was operating his tractor in a southerly direction on Route 35 when he was involved in a collision with three other vehicles, respectively operated by plaintiff, Michael Murphy and Edward A. Cox. Defendant was driving from the Bond Transportation, Inc. (Bond) terminal in Woodbridge to his home in Long Beach.

Plaintiff instituted suit against McCaskill alone and filed a notice of intention with the Fund. Murphy by his guardian *ad litem,* and Cox sued McCaskill and Bond but they did not file a notice of intention. The suits were consolidated for trial and resulted in verdicts in favor of plain-

tiff, Murphy and Cox. Plaintiff's verdict was solely against defendant while Murphy and Cox recovered against both defendant and Bond.

Bond was certified by the Interstate Commerce Commission (I. C. C.) as an interstate carrier. The relationship between McCaskill and Bond and the pertinent facts of that relationship are well set forth in *Cox v. Bond Transportation, Inc.,* 53 *N. J.* 186, 190–195 (1969). The theory of Murphy and Cox's action against Bond was twofold: (1) Bond was liable for McCaskill's negligence under the common law *respondeat superior* doctrine, and (2) by reason of the I. C. C. regulations Bond was vicariously liable for McCaskill's negligence since at the time of the accident the latter was operating his tractor, as a lease-operator, under Bond's I. C. C. franchise. The trial judge held that McCaskill was an independent contractor and consequently the first theory of liability was not applicable. (No appeal was taken from this determination.) The second issue was submitted to the jury by means of a special interrogatory which, in returning its verdicts, the jury answered in the affirmative.

Upon appeal we reversed the judgments against Bond, holding that as a matter of law vicarious liability should not have been imposed on it because of McCaskill's negligence. *Cox v. Bond Transportation,* 99 *N. J. Super.* 335 (App. Div. 1968). Our conclusion was predicated upon the finding that on the day of the accident and at all other times McCaskill was operating his tractor for Bond in intrastate commerce and thus he was not operating under Bond's I. C. C. franchise. *Id.* at 338–339.

The Supreme Court granted certification, 51 *N. J.* 571 (1968), reversed our determination, and reinstated the judgments entered in the trial court in favor of Murphy and Cox. *Cox v. Bond Transportation, Inc., supra,* 53 *N. J.* 186 (1969). The court held that under the existing circumstances the question of Bond's vicarious liability was one requiring determination by the triers of the facts, and

that their affirmative answer was amply supported by the evidence in the case. *Id.* at 206–207.

Thereafter, upon plaintiff's motion the order now under attack was entered directing the Fund to pay the $7500 judgment recovered by plaintiff against defendant McCaskill.

The Fund presently urges, as it urged below, that plaintiff is precluded from recovery because he did not commence an action as to all parties against whom he might reasonably have been considered to have had a cause of action. It asserts that plaintiff should have reasonably anticipated a recovery against Bond and should have included Bond as a party defendant to its action. Since plaintiff did not commence an action against Bond, the Fund argues that *N. J. S. A.* 39:6–71(b)(1) precludes the entry of an order directing it to make payment to plaintiff. The Fund concedes that the case law prior to the Supreme Court determination in *Cox v. Bond Transportation, Inc., supra,* was "somewhat limited and unclear." Nevertheless, it relies upon the language, logic and conclusions of that opinion as support for its contention that plaintiff's failure to act against Bond was unreasonable.

The Supreme Court created new law in this State. In reversing the Appellate Division Justice Francis, speaking for the court said:

Research has revealed no case in this or a sister state in which the same circumstances and the same legal issues were presented. Study of analogous authorities, however, has convinced us that the trial court properly viewed the matter of Bond's liability as one requiring determination by the triers of the facts. [53 *N. J.* at 207]

Further, the court recognized the conflict between the holdings of two relevant out-of-state cases — *Turnbow v. Hayes Freight Lines, Inc.,* 15 *Ill. App.* 2d 57, 145 *N. E.* 2d 377 (App. Ct. 1957), and *Schmidbauer v. Baltimore & Pittsburgh Motor Exp. Co.,* 228 *Md.* 637, 181 *A.* 2d 325 (Ct. App. 1962) — and concluded that *Turnbow* represented "a sound and more just result."

In *Farnham v. Strelecki,* 101 *N. J. Super.* 1, 5–7 (App. Div. 1968), we approved the reasoning set forth in *Nash v. Iamurri,* 76 *N. J. Super.* 167 (Law Div. 1962). The court in *Nash* said:

> There is no requirement that the plaintiff institute an action against any person against whom it does not appear reasonably likely that liability may be established. The determination of the reasonable likelihood of success must necessarily be made in the first instance by the plaintiff, usually on the advice of his attorney. [at 175]
>
> \*    \*    \*    \*    \*    \*    \*    \*
>
> As already indicated, plaintiff and his attorney must in all cases under this statute form a judgment as to the course to be pursued. But the reasonableness and good faith of that judgment is not left to their final determination. They must justify it in the suit to recover from the Fund. In that suit, as here, the court with or without a jury, must determine whether or not plaintiff has brought himself within the terms of the act.
>
> Thus, if it now appeared that plaintiff could reasonably have been expected to establish that Iamurri was the tortfeasor, plaintiff could not recover. But that determination is a factual determination of reasonableness. There is no arbitrary requirement of mechanical steps to be pursued. [at 176]

Thus, the reasonableness of the action of plaintiff and his attorney must be tested under the circumstances, legal or factual, that existed when plaintiff's suit was instituted. No such determination can be made upon the basis of a hindsight evaluation of the factual background or following a change in the legal concepts that had previously existed. See *Selimo v. Hartshorn,* 99 *N. J. Super.* 146, 158 (Law Div. 1968). Under all the circumstances here present, and particularly considering the state of the law at the time the suit was instituted, we find that the trial court correctly determined that plaintiff's counsel's determination not to sue Bond was a reasonable one. Further, that fact that counsel for Cox and Murphy named Bond as a defendant does not adversely affect the reasonableness of plaintiff's decision. Therefore, it is our conclusion that *N. J. S. A.* 39:6–71(b)(1) does not preclude the entry of

the order directing the Fund to pay plaintiff the amount of his judgment.

The Fund next contends that since it has now been established judicially that Bond is liable for any negligence of McCaskill, plaintiff has a continuing duty to pursue his remedy against Bond and must exhaust that remedy before the Fund may be compelled to make payment. This point lacks merit. 49 *U. S. C. A.* § 304 and the implementing Interstate Commerce Commission regulations merely make Bond vicariously liable for McCaskill's conduct. An action by plaintiff for injuries to his person against Bond predicated upon the neglect or negligence of McCaskill must be brought within "2 years next after the cause of any such action shall have accrued." *N. J. S. A.* 2A:14-2. The statutory period having expired, plaintiff is barred from suing Bond. It is therefore apparent that the institution of such a suit at the present time would be fruitless. We will not require plaintiff to pursue a legally unsupportable claim. *Selimo v. Hartshorn, supra,* 99 *N. J. Super.* at 155-156.

Judgment affirmed.